DOWNER v. THOMPSON, 6 Hill, 208.

Reported 1 Hill, 138.

</div>

*Assumpsit; Goods sold and delivered; Province of the Jury.*

THE plaintiff in error, Downer, sued Thompson in the court below, for goods sold and delivered, and goods bargained and sold. P. residing in Westchester county, addressed a letter, August 21, 1838, to D., directing him to forward him 250 barrels of cement, as soon as practicable, adding, "I hope the quality will be of the best." On the 4th of September, the plaintiff forwarded 260 barrels which arrived at Hastings on the 17th of the same month. The captain of the schooner which brought it, informed the defendant that he had the cement ready for delivery; who on going on board and ascertaining the quantity, said he had not ordered so many, and after making several experiments to ascertain the quality, he finally refused to accept it, saying, "it was not as good as he had sent for, and he should not take it at any rate." The captain then observed that if the cement was not accepted, he must carry it to New York, and store it, which he did. He did not offer to the defendant 250 barrels only, nor tell him that he could have any quantity less than the 260 barrels.

The defendant, October 11, 1838, wrote to the plaintiff: "The 250 barrels of cement which you sent to Hastings in compliance with my order, were upon inspection rejected, and were then removed by your captain." He further states that he is "advised by counsel that he is not liable, the warranty the law implies, that it shall pass inspection at the works, having failed; under these circumstances, and as my contract made it necessary to procure other cement, which I have done, you will take notice that I have nothing to do with it."

Upon this evidence, a motion for a non suit was made, and granted on the ground that it did not sustain either the count for goods sold and delivered, or goods bargained and sold. The plaintiff excepted.

The Supreme Court held the non suit proper. On a motion for a new trial,

The Court of Errors held that the non suit was erroneously granted, and that the case should have been submitted to the jury; for if the entire quantity of cement delivered to the carrier was intended as a mere compliance with the order, and was not sent for the purpose of charging the defendant with the excess, he was liable.

<div align="right">Judgment <em>reversed.</em></div>